[Nos. 17514-9-I; 19229-9-I; Division One. April 4, 1988.]
 20279-1-I.

CHARLES F. TOWNSEND, *Respondent*, v. RAINIER NATIONAL
BANK, *as Trustee, Defendant*, J. MICHAEL TOWNSEND,
*as Trustee, Appellant.*

*Russell W. Newman,* for appellant.

*William H. Nielsen* and *McIntosh, Lewis, Evans & Nielsen,* for respondent.

WILLIAMS, J.—Charles F. Townsend brought this action to reform a deed placing family property in trust and for a partition of the property. The cause was tried to the court without a jury and resulted in findings of fact, from which the court concluded that the claims of the plaintiff should be sustained. Judgment was entered reforming the deed, confirming the sale on partition and distributing the proceeds to the plaintiff and to the trust, the remaindermen beneficiaries of which appeal.

For some years prior to 1977, Charles F. and Alice Townsend owned 400 feet of waterfront property with a depth of about one-half mile on Guemes Island, Skagit County, a part of which, with their sons Charles E. and Michael, they developed into "Guemes Island Resort." In 1977, the parents conveyed the property in trust to Rainier National Bank to supply them with income for life, with the property going to their two sons after their deaths. When Alice died, Charles F. revoked the trust as to his then one-half undivided interest, as he was authorized to do by the trust agreement. He then brought this action against Michael as successor trustee and a beneficiary and Charles E. as a beneficiary to reform the deed creating the trust and for a partition of the property.[1]

It is first contended that the trial court erred in finding that a mistake had been made in the trust instrument and deed requiring reformation of the description to the "south 300 feet." In the record, there is evidence which is clear,

---

[1]Consolidated with this cause was an action brought by Michael in King County to determine what property the trust holds.

cogent and convincing to support the reformation. *Thorsteinson v. Waters,* 65 Wn.2d 739, 745, 399 P.2d 510 (1965), *overruled on other grounds in Chaplin v. Sanders,* 100 Wn. 2d 853, 676 P.2d 431 (1984).

It is next contended that the trial court erred in confirming the sale to Charles F. for a total price of $400,000. From an examination of the record it appears that the court properly exercised its discretion in the supervision of the sale by the referee and that there was no error.

In addition to confirming the sale, the court distributed the proceeds of the sale as follows:

| | |
|---|---:|
| To Charles F.: | |
| Half interest in the property | $200,000.00 |
| Improvement to property (house) | 56,250.00 |
| Life estate | 52,740.47 |
| To trust for sons' | |
| remaindermen interest: | 91,009.53 |
| Total | $400,000.00 |

■ The trustee's objection to this distribution must be sustained. Upon the death of Alice Townsend, the trust by its terms became irrevocable as to her one–half interest in the real property placed in trust. As provided in the trust instrument, Charles F. was to receive the "net income from the trust estate" and, in addition, "so much of the principal of the Irrevocable Trust estate as the Trustee deems advisable to provide for his or her comfortable care, support and maintenance . . ." At the death of the survivor (Charles F.), the estate was to be distributed to the two sons. This fixes the length of time the trust is to continue. G. Bogert, *Trusts* § 149, at 536 (5th ed. 1973).

> The rule that a trust is indestructible after the decease of the settlor is a recognition of the power of the donor to reach into the future and control his donees and their methods of enjoyment.

*Fowler v. Lanpher,* 193 Wash. 308, 317, 75 P.2d 132 (1938).

> Trusts for support of beneficiary. If a trust is created for the support of a beneficiary, it is not terminable by

the consent of the beneficiaries, even though the interest of the beneficiary is transferable by him. It would be contrary to the intention of the settlor to terminate the trust.

Restatement (Second) of Trusts § 337, comment *m,* at 165 (1959); *see also Fowler v. Lanpher,* at 315–18; *Hayward v. Tacoma Sav. Bank & Trust Co.,* 88 Wash. 542, 545, 153 P. 352 (1915).

There is a requirement that the trust be active, *i.e.,* that it still have a purpose and the trustee be engaged in doing something for the benefit of others. *Welch v. Northern Bank & Trust Co.,* 100 Wash. 349, 355, 170 P. 1029 (1918); G. Bogert, *Trusts and Trustees* § 207, at 46–48 (2d rev. ed. 1979). In *Hayward v. Tacoma Sav. Bank & Trust Co., supra,* the husband set up a trust, confirmed in his will, that upon his death his wife would receive $200 per month for life with the remainder going to the children. The court said:

It is plain in this case that the trust created is an active trust. The trustee, under the terms of the trust deed and under the will, which was executed at the same time and as a part of the same transaction, was required to pay all assessments and taxes of every kind against the properties, which were located in different counties in the state. Upon the death of Mr. Hayward, the trustee was required to advance to the appellant the sum of $200 on the first of each month.

*Hayward,* at 545.

The Supreme Court held that the trustee had title to the property and was to carry out the terms of the trust even though the children as remainder beneficiaries had conveyed their interest in the trust to their mother. In short, after the death of the settlor, a trust whose purpose is possible and not yet accomplished is indestructible. *Fowler v. Lanpher,* at 316–17. The trust cannot be defeated except for certain reasons not applicable in this case, *see* Restatement (Second) of Trusts, ch. 10, and must be carried out according to the expressed wishes of Alice Townsend. Of

course trust property does not lose its character by conversion into funds, other property or investments. *Tucker v. Brown,* 20 Wn.2d 740, 784, 150 P.2d 604 (1944); *see also* G. Bogert, *Trusts and Trustees* § 921, at 362; § 995, at 254 (2d ed. 1983). Pursuant to the terms of the trust, Charles F. will receive the income from the estate assets until his death, whereupon the principal shall be distributed to the remaindermen beneficiaries.

 Charles F. argues that the procedure taken by the court is required by RCW 7.52.300 and .340, which provide that in a partition action a life tenant is entitled to the value of his estate when the property is sold. This is a partition action between Charles F., as owner of a one–half interest in the real property, and the trust, as owner of the other one–half interest, not between Charles F. as life estate beneficiary of the trust and his sons, as remaindermen beneficiaries of the trust. RCW 7.52 applies specifically to the partition of real estate and has no control over the internal administration of a trust estate.

Finally, Michael has requested that he be awarded attorney fees from the estate in connection with his services as trustee. These consolidated cases do not involve the administration of the trust estate. We note that the trust instrument authorizes payment of costs lawfully chargeable to the estate.

The judgment is reversed with direction that the funds derived from the trust's interest in the property be paid to the account of the trust estate.

COLEMAN, A.C.J., and SWANSON, J., concur.